Mr. Justice James
delivered the opinion of the court.
It appears that the plaintiff was on the street early in the morning, during the month of September, and found lying in his path a long train of cars. After waiting a length of time for the train to move out of his way, and being impatient to reach his business, he attempted to climb over the obstruction by passing between two cars • just at that moment the train was started, without the warning having been given, by the sound of a bell or whistle, and his foot was crushed. The suit is based upon the alleged negligence of the defendant, to which the plaintiff claims not to have contributed.
At the conclusion of the trial, the defendant offered ten prayers, which were all rejected, and, thereupon the court substituted two instructions, one of which was as follows:
“If the jury believe from the evidence that the plaintiff attempted to cross the track between two of the freight cars while the train was at rest, and that while making such attempt the train was put in motion and the plaintiff was thereby injured, and shall further believe that the plaintiff was guilty of a want of ordinary care and prudence in attempting to pass between the cars while they were at rest, under the circumstances, yet if the jury shall also find that if the defendant’s agents, in starting and moving the said train at the time of the injury, had used ordinary prudence and care in giving reasonable and usual signals or notice before putting the train in motion, and in keeping a reasonable lookout, the injury would not have occurred, then the plaintiff's want of care and prudence in attempting to cross between the cars (if the jury shall find the same proved), *143 would not in law exonerate the defendant from responsibility in this action.”
It will be perceived that this instruction is applied to a case where the negligent act -of the defendant and that of the plaintiff were concurrent in point of time. T,he same rule has been applied to similar circumstances by the Supreme Court ot Missouri, and it was adhered to in a line of cases in that court. But an examination of the cases will show that the rule as declared in the Missouri decisions is not at all sustained by the general line of authorities.
Negligence consists in omitting what it was the duty of the party to do under the circumstances. For example, in the case of Davis vs. Mann, 10 M. & W., 548, where a person had tied a donkey so that it stood in the road, and afterwards the driver of a wagon drove carelessly along the same road so that he killed the donkey, the carelessness and negligence of the person who tied him there iu the road was held not to be contributory. The negligent act of the owner of the animal was prior in time to that of the driver of the wagon. The latter saw in the road this animal, and though it had been negligently left there, he had no right, either wilfully or negligently, to drive over it. The negligence of the plaintiff in the case did not, in contemplation of law, contribute to the injury. It was what was called remote. But the reasoning of the case is, that the driver of.the wagon had before him a case which called for a certain degree of care, and he should have acted with reference to the fact that the donkey was standing there. It was, therefore, negligence in him to drive as he did, in view of the circumstance.
There is a line of cases sustaining this principle, and, on the other hand, cases where the acts occur at the same time, so that the defendant has not a case before him in which he has to act with reference to the existence of negligence on the other side. In such a case the negligence of the plaintiff is contributory. Both are the effective cause of the injury that happened.
We find this rule very well stated in the case of Trow vs. *144 Vermont Central R. R. Co., 24 Vermont, 494, which I cite, not on account of its special authority, because it is one of a numerous line of cases, but because it states the principle so clearly. Having cited some authorities, the court says: .
“ This leads our investigation to the question whether an action can be sustained when the negligence of the plaintiff and the defendant has mutually co-operated, in producing the injury for which the action is brought. On this question the following rules will be found established by the authorities. When there has been mutual negligence, and the negligence of each party was the proximate cause of the injury, no action whatever can be sustained. In the use of the words ‘ proximate cause ’ is meant negligence occurring at the time the injury happened. In such case no action can be sustained by either, for the reason ‘that as there can be no apportionment of damages, there can be no recovery.’ So where the negligence of the plaintiff is proximate, and that of the defendant remote, or consisting in. some other matter than what occurred at the time of the injury, in such case no action can be sustained for the reason that the immediate cause was the plaintiff himself. Under this rule falls that class of cases where the injury arose from the want of ordinary or proper care on the part of the plaintiff at the time of its commission. These principles are sustained by Hill vs. Warren, 2 Stark, 377; 7 Met., 274; 12 Met., 415; 5 Hill, 282; 6 Hill, 592; Williams vs. Holland, 6 C. & P., 23. On the other hand, when the negligence of the defendant is proximate, and that of the plaintiff remote, the action can then be well sustained, although the plaintiff is not entirely without fault. This seems to be now well settled in England and in this country. Therefore if there be negligence on the part of the plaintiff, yet if, at the time when the injury was committed, it might have been avoided by the defendant in the exercise of reasonable care and prudence, an action will lie for the injury. So in this case if the plaintiff were guilty of negligence or even of positive wrong, in placing his hors© *145 in the road, the defendants were bound to the reasonable exercise of care and diligence in the use of their road and management of the engine and train, and if for the want of that care the injury arose, they are liable. Such is the case of Davis vs. Mann, 10 M. & W., 548, where one unlawfully left his fettered donkey in the highway, and it was killed by the negligence and carelessness of the defendant in the management of his horses and wagon, Lord Abinger held, ‘ that he might recover, though the animal was improperly there.’”
The principle then is, that the situation presents to the defendant an occasion for a certain degree of care measured by the circumstances, one of which is that he sees that there is a person or an animal in danger, no matter whether they are there by carelessness or not, and it is his business to exercise care with reference to that situation. In such a case the fault of the plaintiff is held not to be contributory. The injury is the result of the carelessness of the defendant.
When, however, the two circumstances occur at the same time, the defendant is not charged with the duty of taking care of the plaintiff, inasmuch as the sudden occurrence of the plaintiff’s act gives him no opportunity to do so. The two acts of negligence being concurrent, each is held to contribute to the result.
Applying this rule to the facts of this case, we find a personfengaged in the very act of crossing this train — climbing over between the buffers — at the moment when this defendant carelessly started the train without notice.
For these reasons, and upon these principles, we feel compelled to send the case back for a new trial. There was error in this instruction.